**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0734-15T1

P.S.,

    Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR and
NBC40 WMGM-TV, ACCESS 1
COMMUNICATIONS,

    Respondents.

_____

        Submitted December 20, 2016 — Decided June 7, 2017

        Before Judges Rothstadt and Sumners.

        On appeal from the Board of Review, Department
        of Labor, Docket No. 443,570.

        Lavan Law, attorneys for appellant (Alaina A.
        Gregorio, on the brief).

        Christopher S. Porrino, Attorney General,
        attorney for respondent Board of Review
        (Melissa H. Raksa, Assistant Attorney General,
        of counsel; Arupa Barua, Deputy Attorney
        General, on the brief).

        Fox Rothschild, LLP, attorneys for respondent
        NBC40 WMGM-TV, Access 1 Communications (Sarah
        Beth Johnson, of counsel and on the brief;
        Nathan M. Buchter, on the brief).

PER CURIAM

Claimant P.S.[1] appeals from the October 19, 2015 Board of Review final agency decision dismissing her appeal as untimely pursuant to N.J.S.A. 43:21-6(c). For the reasons that follow, we affirm.

On August 19, 2013, in a letter by her attorney, P.S. resigned from her position as an account executive selling advertising for television station NBC40, which is owned by Access 1. Approximately three months earlier, P.S. had filed a civil lawsuit alleging violations of the Conscientious Employee Protection Act (CEPA), N.J.S.A. 34:19-1 to -14, and the Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -49.

Following her resignation, P.S. applied for unemployment benefits, which Access 1 opposed. On September 24, the Deputy Director determined that P.S. was disqualified for benefits pursuant to N.J.S.A. 43:21-5 because she resigned her position voluntarily, without good cause attributable to the work; there was no evidence that her employment conditions "were so severe as to cause [her] to leave available work to become unemployed."

---

[1] Because plaintiff was a victim of sexual harassment, we use initials to protect her privacy.

P.S. appealed to the Appeal Tribunal.  During the September 23, 2013 telephonic hearing, she testified that she quit her job because of sexual harassment by the station's General Manager Ron Smith and an email interaction between her, NBC40's then News Manager, and a corporate client, in which she felt her professional integrity was questioned.  Smith, however, was terminated on May 2, over three months before P.S. resigned.  According to Alberto Reira, Access 1's Corporate Controller, P.S.'s sexual harassment allegations against Smith were unfounded, and his firing was not related to the allegations.

In a decision mailed on December 9, the Appeal Tribunal's findings of fact concluded:

> The claimant left her job without notice to her employer after a client had contacted her regarding inappropriate comments towards him by a coworker of the claimant.  As this coworker was a director and not an Accounts Executive as the claimant, the claimant feels that this coworker should not have intervened in the servicing of the account and that the coworker's actions were an attempt to sabotage the claimant's account in retaliation for disclosing certain practices that claimant felt were unethical.  The claimant also felt that certain advances by another coworker to date the claimant were sexually harassing. The claimant had informed the employer of the issue and this coworker was subsequently discharged for reasons that the employer indicated [were] unrelated to the claimant's allegations.  Although the claimant's compensation had increased substantially since her hire, the claimant tendered her

A-0734-15T1

> letter of resignation on 08/19/13 citing a concerted effort by the employer to stifle her sales in retaliation for disclosing improprieties of the business.

Consequently, the Appeal Tribunal denied P.S.'s appeal for the same reason cited by the Deputy Director - she voluntarily left her employment without good cause attributable to work. The decision became final when P.S. did not appeal within twenty days of its mailing.

During the ensuing discovery in her civil suit, plaintiff claimed that she learned that Smith was terminated due to her sexual harassment allegations, and that Access 1 provided false testimony at the Appeal Tribunal hearing. In February 2015, Reira and Chelsey Maddox-Dorsey, Access 1's Chief Executive Officer, both gave deposition testimony that Smith was terminated for sexually harassing P.S.[2] After the depositions, Access 1 produced a copy of its letter to Smith stating that he was terminated due to "gross misconduct" and violation of the "company's sexual harassment policy."

---

[2] On January 14, 2016, a jury found no cause of action as to P.S.'s CEPA claim, but found in her favor as to LAD claims of hostile work environment and sexual harassment, awarding her compensatory non-economic damages of $300,000 and punitive damages of $35,000. During the trial, the judge had granted a directed verdict dismissing P.S.'s post-employment retaliation claim. Prior to trial, a different judge had dismissed P.S.'s constructive discharge claim.

On March 23, 2015, P.S. filed an appeal of the Appeal Tribunal's December 9, 2013 decision with the Board of Review. She claimed that based on new evidence, Access 1 gave false testimony at the Appeal Tribunal hearing regarding the reason for Smith's termination, which constituted good cause to extend the time to file an appeal, and resulted in her being wrongfully denied benefits.

On August 25, 2015, citing N.J.S.A. 43:21-6(c), the Board of Review dismissed the appeal based upon the determination that good cause had not been shown for P.S.'s delay in filing her appeal. The Board found that "the significant circumstance in this case is that [Smith] was discharged four months to the time the claimant resigned, thus ending the sexual harassment in the workplace." Therefore, the new evidence does not warrant reconsideration of the Appeal Tribunal decision."  This appeal followed.

Before us, P.S. contends that the Board's decision denying her appeal as untimely was arbitrary and capricious.  She argues she had good cause to file a late appeal of the Appeal Tribunal's decision because two years subsequent to the decision, she obtained evidence in her civil action discovery that Smith was terminated due to sexual harassment against her, which was contrary to Access 1's hearing testimony.  P.S. claims that since she was not aware of Access 1's reasons for terminating Smith prior to discovery,

she could not have foreseen its contradictory deposition testimony. In addition, P.S. argues that since her unemployment benefits were denied due to Access 1's misrepresentation of material facts, she should not be prejudiced by perjured testimony. We are not persuaded.

We are guided by some well-established principles in our review of the Board's decision. The scope of appellate review of an administrative agency's final determination is limited. In re Stallworth, 208 N.J. 182, 194 (2011) (citing Henry v. Rahway State Prison, 81 N.J. 571, 579 (1980)). Agency decisions are given a "strong presumption of reasonableness," and we will not reverse such a decision unless it was arbitrary, capricious, or unreasonable, or not supported by evidence in the record. Thurber v. City of Burlington, 387 N.J. Super. 279, 301-02 (App. Div. 2006) (first quoting Matter of Vey, 272 N.J. Super. 199, 205 (App. Div. 1993), aff'd, 135 N.J. 306, 308 (1994); then citing Campbell v. Dep't of Civil Serv., 39 N.J. 556, 562 (1963)), aff'd, 191 N.J. 487, 502 (2007); see also In re Herrmann, 192 N.J. 19, 27-28 (2007).

N.J.S.A. 43:21-6(c) provides that:

> an appeal tribunal, after affording the parties reasonable opportunity for fair hearing, shall affirm or modify the findings of fact and the determination [made by the Deputy Director]. The parties shall be duly

notified of such tribunal's decision, together with its reasons therefor, which shall be deemed to be the final decision of the board of review, unless further appeal is initiated pursuant to subsection (e) . . . within 20 days after the date of notification or mailing of such decision for any decision made after December 1, 2010 . . . .

Despite the rigid language of the Legislature's statutory deadline, our case law does provide for exceptions to the filing requirement in cases where a claimant can demonstrate good cause. See Rivera v. Bd. of Review, 127 N.J. 578, 589-91 (1992); Garzon v. Bd. of Review, 370 N.J. Super. 1, 5 (App. Div. 2004). We allow such exceptions when the requirements of due process so demand. Rivera, supra, 127 N.J. at 590. Furthermore, the Board has promulgated regulations governing the review of appeals filed late, and provides that late appeals may be considered when a delay in filing is caused by circumstances outside the applicant's control, or if the delay occurred because of circumstances that could not have been reasonably foreseen or prevented. N.J.A.C. 12:20-4.1(h). These exceptions recognize the need for the Board to be flexible in light of due process requirements. Garzon, supra, 370 N.J. Super. at 7 n.4 (citations and quotations omitted).

In this case, we decline to disturb the Board of Review's finding that P.S. did not establish good cause for filing an appeal over thirteen months after the Appeal Tribunal's December 9, 2013

decision that she was disqualified for benefits. The Appeal Tribunal found that P.S. voluntarily left her job without good cause attributable to work because her alleged harasser, Smith, was terminated there months before she resigned, thereby discrediting her reason for resigning. Thus, the Appeal Tribunal's decision was not based upon why Smith was terminated. His departure, well in advance of P.S.'s resignation, meant that she had no reason to leave because the source of her alleged pain and discomfort was no longer present at the workplace. Consequently, P.S.'s claim that her employer did not acknowledge the true reason for Smith's termination at the Appeal Tribunal hearing bears no relevance to her delay in filing a late appeal.

Moreover, P.S.'s contention that she was not aware why Smith was terminated until after the Appeal Tribunal hearing when Reira and Maddox-Dorsey were deposed, is belied by her own deposition testimony. She acknowledged that after Smith was terminated, and prior to the Appeal Tribunal hearing, he advised her by text message that he was fired for sexual harassment. Thus, on its merits, P.S.'s argument fails.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0734-15T1